IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| BREEDERS' CUP LIMITED and BREEDERS' CUP PROPERTIES, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| NUVEI TECHNOLOGIES, INC. (f/k/a PIVOTAL PAYMENTS, INC.), | ) ) ) | Judge _____ Magistrate Judge _____ |
| Defendant. | ) ) ) ) ) | Removed from the Circuit Court of Fayette County, Kentucky Case No. 19-CI-00611 |

## NOTICE OF REMOVAL

Defendant Nuvei Technologies, Inc., formerly known as Pivotal Payment, Inc. ("Nuvei"), hereby removes this action from the Fayette Circuit Court for the Commonwealth of Kentucky based on diversity of citizenship under 28 U.S.C. §§ 1332, 1441, & 1446.

## GROUNDS FOR REMOVAL

**I.    State Court Proceedings**

1. Plaintiffs Breeders' Cup Limited ("BC Limited") and Breeders' Cup Properties ("BC Properties") (collectively referred to as "Breeders' Cup") filed this lawsuit in Fayette Circuit Court on February 20, 2019. A copy of the as-served Complaint is attached hereto as Exhibit 1.

2. According to the Complaint, BC Limited hosts horse racing events, including the "Breeders' Cup World Championships of Thoroughbred racing." (Compl., Ex. 1, ¶ 6.) BC Properties "offers media, hospitality, and other benefits to certain Thoroughbred racing industry

sponsors and participants related to [BC Limited] and its programs and events." (*Id.* ¶ 7.)

3. Nuvei, formerly known as Pivotal, is a national merchant services provider, which offers credit and debit card payment processing, clearing, and settlement services, gift/loyalty/stored value card programs, terminal management solutions, and electronic check processing services to merchants, Internet business owners, and mail order/telephone order businesses that enter merchant transaction processing agreements.

4. Breeders' Cup alleges that it entered into a "Corporate Partner and Media Agreement" ("Sponsorship Agreement") with Nuvei in October 2014. (*Id.* ¶¶ 10-15.) This agreement, Breeders' Cup alleges, memorialized the agreement for Nuvei to become a "sponsor" of Breeders' Cup through January 2020. (*Id.* ¶ 9.) The Sponsorship Agreement called for Nuvei to pay Breeders' Cup a defined fee each year for the years 2018, 2019, and 2020.[1]

5. Breeders' Cup further alleges that, in connection with the Sponsorship Agreement, the parties entered into a "Merchant Agreement," under which Nuvei could provide merchant services for transactions associated with the Breeders' Cup World Championships. (*Id.* ¶ 16.) Nuvei would be the exclusive provider of processing services, under the terms and conditions of the Merchant Agreement, as a part of the interrelation of the Sponsorship Agreement and the Merchant Agreement.

6. Breeders' Cup, however, entered into a separate agreement with Ticketmaster for merchant services for transactions for the 2018 World Championships. (*Id.* ¶ 23.)

7. Nuvei rightfully viewed Breeders' Cup's relationship with Ticketmaster as a

---

[1] The Sponsorship Agreement was to be attached to the Complaint, but, as reflected in the Complaint attached hereto, Breeders' Cup sought to file that document under seal and did not actually attach it to the Complaint that was filed with the Fayette Circuit Court. Nor was the Sponsorship Agreement served on Nuvei as an attachment to the Complaint. Nuvei therefore has not attached it here, as discussed further *infra* note 3.

material breach of Nuvei's agreements with Breeders' Cup. Nuvei considered the agreements with Breeders' Cup breached and, therefore, terminated. (*Id.* ¶ 35.)

8. Now, Breeders' Cup claims that Nuvei has breached the Sponsorship Agreement and Merchant Agreement. (*Id.* ¶¶ 39–43.) Breeders' Cup also brings counts for unjust enrichment and breaches of an implied covenant of good faith and fair dealing. (*Id.* ¶¶ 44–51.)

9. Breeders' Cup seeks damages "for any and all amounts owed to Breeders' Cup under the [Sponsorship] Agreement and Merchant Agreement, including all incidental or consequential damages." (*Id.* at 14.) The Sponsorship Agreement fees, in paragraph 3 of the Sponsorship Agreement, which Breeders' Cup alleges it is owed, exceed $75,000 themselves. Accordingly, based on the claims referencing the fees under the Sponsorship Agreement, as well as the claims referencing other damages in connection with the Sponsorship Agreement and the Merchant Agreement, including incidental and consequential damages, the amount in controversy in this damages case exceeds $75,000.

10. Nuvei was served with the Complaint on March 1, 2019. A copy of the Notice of Service of Process is attached hereto as Exhibit 2. Nuvei has not been served with any other process or otherwise been notified of any other proceedings in the state court action.[2]

## II.     Citizenship of the Parties

11. As alleged in the Complaint, Nuvei is a Delaware corporation, with its principal place of business in Texas. (Compl., Ex. 1, ¶ 3.) Accordingly, Nuvei is a citizen of Delaware

---

[2] Counsel for Nuvei inquired with the Fayette Circuit Court about whether any other proceedings had occurred in that court, and counsel was informed that no other proceedings beyond the Complaint were reflected on the docket. Although no other proceedings occurred in state court, it appears that Breeders' Cup filed a motion for leave to file the Sponsorship Agreement under seal simultaneously with the Complaint, Ex. 1. The motion was attached to the Complaint when it was served on Nuvei. The Complaint, Ex. 1, thus includes the Complaint itself and the motion.

and a citizen of Texas.  *See* 28 U.S.C. § 1332(c)(1).

12. BC Limited is a New York corporation, with its principal place of business in Kentucky.  (Compl., Ex. 1, ¶ 1.)  Accordingly, BC Limited is a citizen of New York and a citizen of Kentucky.  *See* § 1332(c)(1).

13. BC Properties is a limited liability company, organized under the laws of Delaware with a principal office address in Kentucky.  (Compl., Ex. 1, ¶ 2.)  The citizenship of a limited liability company like BC Properties turns not on the state of organization or the principal place of business, however.  Under federal law, "[t]he citizenship of a limited liability company has the citizenship of each of its members."  *Gayheart v. Wal-Mart, Inc.*, No. 7:18-CV-00096-GFVT, 2018 WL 6028702, at *1 (E.D. Ky. Nov. 15, 2018); *see also Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (holding that "an LLC has the citizenship of each of its members") (quotation marks omitted), *aff'd sub nom. Star Athletica, LLC. v. Varsity Brands, Inc.*, 137 S. Ct. 1002 (2017); *Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (explaining that, for "unincorporated entities, . . . diversity jurisdiction in a suit by or against the entity depends on the citizenship of all its members" (cleaned up)).

14. According to 2017 Audited Financial Statements of BC Limited ("BC Limited Financial Statements"), which are available publicly online and which are attached hereto as Exhibit 3, BC Limited is the sole member of BC Properties.  (BC Limited Financial Statements, Ex. 3, at 9 ("The consolidated financial statements include the financial information of Breeders' Cup Limited (the 'Company') and its **wholly owned, for-profit subsidiary, Breeders' Cup Properties, LLC** and Breeders' Cup Charities, Inc., a 501 (c)(3) non-profit corporation.") (emphasis added).)

4

15. Accordingly, BC Properties shares the citizenship of BC Limited — New York and Kentucky. *See* § 1332(c)(1); *Gayheart*, 2018 WL 6028702, at *1.

### III. Removal Based on Diversity of Citizenship Is Proper Because the Parties Are Diverse and the Amount in Controversy Exceeds $75,000

16. The court may properly exercise diversity jurisdiction over this case. The statutory grant of diversity jurisdiction is located in § 1332:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> > (1) citizens of different States . . . .

17. The procedure for removal set forth in 28 U.S.C. §§ 1441 & 1446 has also been satisfied because the removal is timely filed and the amount in controversy has been met. For example, Section 1441 provides:

> (a) Generally—
>
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

And § 1446 provides:

> (b) Requirements; Generally—
>
> > (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> (c) Requirements; Removal Based on Diversity of Citizenship—
>
> > . . .

5

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>>
>>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>>
>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

### A. The Parties Are Diverse

18. Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *See U.S. Motors v. General Motors Europe*, 551 F.3d 420, 423 (6th Cir. 2008).

19. Complete diversity is satisfied here, as Plaintiffs BC Limited and BC Properties are citizens of New York and Kentucky, while Defendant Nuvei is a citizen of Delaware and Texas. *See* § 1332(c)(1).

### B. The Amount in Controversy Is Satisfied

20. Breeders' Cup seeks damages in excess of $75,000, satisfying the amount in controversy requirement. Although Breeders' Cup has not pleaded a specific amount of damages, Breeders' Cup seeks damages related to the Sponsorship Agreement and the Merchant Agreement, which reflect that the amount in controversy exceeds $75,000.

21. Indeed, Breeders' Cup alleges that it is entitled to recover the sponsor fees under the Sponsorship Agreement, and those fees alone would exceed $75,000 if Breeders' Cup were to prevail. *See supra* ¶¶ 4, 9. Breeders' Cup's additional claims for unjust enrichment and breach

of good faith, in connection with its damages for incidental and consequential damages, place the amount in controversy far in excess of $75,000.[3]

### C. The Removal Is Timely

22. The Complaint was served on March 1, 2019. (Notice of Service of Process, Ex. 2.) This Notice of Removal is being filed on March 21, 2019.

23. Accordingly, this removal is timely under § 1446(b)(1) as it is filed within 30 days of service.

### D. All Other Requirements for Removal Are Satisfied

24. The United States District Court for the Eastern District of Kentucky, Lexington Division, encompasses Fayette County, where this action was heretofore pending. Therefore, this action is properly removed to this district and division. *See* § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

25. Nuvei is the only defendant in this action, and it is not a citizen of Kentucky. *See* § 1441(b)(2).

---

[3] The face of the Sponsorship Agreement itself reflects that the amount in controversy is satisfied based on the breach of contract claim (Compl., Ex. 1, ¶¶ 39–43). Paragraph 3 of the Sponsorship Agreement calls for fees that exceed $75,000, and Breeders' Cup alleges that Nuvei breached the agreement by not paying those fees for 2018 and refusing to pay those fees for 2019. (*Id.*) But as Nuvei discussed *supra* note 1, Breeders' Cup did not file the Sponsorship Agreement on the public docket with the Complaint and did not serve Nuvei with the Sponsorship Agreement. As reflected by the motion for leave to file under seal that is attached to the Complaint, Ex. 1, Breeders' Cup sought to file the Sponsorship Agreement under seal based on confidentiality concerns. Accordingly, in recognition of those same concerns, Nuvei is not quoting or referring to the specific dollar amounts on the face of the Sponsorship Agreement. In any event, there can be no reasonable dispute that Breeders' Cup has placed more than $75,000 in controversy. The unredacted contracts at issue are also readily available for the Court's in camera review.

26. Pursuant to 28 U.S.C. § 1446(d), Nuvei will file a notice of filing this Notice of Removal with the Clerk of the Fayette Circuit Court and will serve a copy of this Notice of Removal on counsel for Breeders' Cup. The Notice of Removal to Fayette County Circuit Court and the Notice of Removal to counsel for Breeders' Cup are attached hereto as Collective Exhibit 4.

27. By filing this Notice of Removal, Nuvei does not waive, either expressly or impliedly, its rights to assert any defenses that it could have asserted in the Fayette Circuit Court. Nuvei rejects and denies the allegations in the Complaint and intends to show the Court that the allegations are without merit.

28. Nuvei will electronically cause to be paid the $400 filing fee to the United States District Court for the Eastern District of Kentucky.

29. Nuvei therefore submits that this Court has jurisdiction over this civil action and that this action has been properly removed from the Fayette Circuit Court to this Court.

s/Stanley E. Graham
Stanley E. Graham (KY State Bar No. 95865)
WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone:   (615) 244-6380
Facsimile:   (615) 244-6804
Email:       stan.graham@wallerlaw.com

*Counsel for Defendant Nuvei Technologies Inc., f/k/a Pivotal Payments, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on March 21, 2019, a copy of the foregoing Notice of Removal was filed electronically. Counsel for Plaintiffs will be served with a copy of this filing by regular U.S. mail and by email. Parties also may access this filing through the Court's electronic filing system.

  W. Chapman Hopkins, Esq.
  Stoll Keenon Ogden PLLC
  300 West Vine Street, Suite 2100
  Lexington, Kentucky 40507-1801
  Telephone: (859) 231-3000
  Email:  chapman.hopkins@skofirm.com

  *Counsel for Plaintiffs*


        s/Stanley E. Graham
        Stanley E. Graham (KY State Bar No. 95865)


        Derek W. Edwards
         *Motion for Admission Pro Hac Vice*
         *Forthcoming*
        WALLER LANSDEN DORTCH & DAVIS, LLP
        Nashville City Center
        511 Union Street, Suite 2700
        Nashville, Tennessee 37219
        Telephone: (615) 244-6380
        Facsimile: (615) 244-6804
        Email:  derek.edwards@wallerlaw.com


        *Counsel for Defendant Nuvei Technologies Inc.,*
        *f/k/a Pivotal Payments, Inc.*